UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.G. BARR MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTEKPRO LLC,<br><br>    Defendant. | Case No. 23-cv-02257-TSH<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 64 |

## I.   INTRODUCTION

Pending before the Court is the motion of Plaintiff W.G. Barr Beverage Co. (d/b/a Two Pitchers Brewing Co., "Two Pitchers") to alter or amend the judgment entered by the Court on June 5, 2024. ECF No. 64. Defendant ContekPro, LLC filed an opposition (ECF No. 69) and Two Pitchers filed a reply (ECF No. 70). The Court finds the motion suitable for disposition without oral argument and **VACATES** the August 22, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** Two Pitchers' motion.[1]

## II.   BACKGROUND

Two Pitchers brought this case against ContekPro on May 9, 2023, alleging it breached their agreement for ContekPro to build and deliver a pre-inspected, finished Kitchen Container to Two Pitchers' taproom in Oakland. It alleged three causes of action: (1) Breach of Contract; (2) Promissory Estoppel; and (3) Breach of Implied Duty of Good Faith and Fair Dealing. First Am. Compl., ECF No. 11.

On June 5, 2024, the Court denied Two Pitchers' motion for summary judgment and granted ContekPro's cross-motion for summary judgment. ECF No. 62 ("MSJ Order"); *W.G.*

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 55, 60, 61.

*Barr Mgmt., LLC v. ContekPro LLC*, 2024 WL 2868146, at *1 (N.D. Cal. June 5, 2024). In its order, the Court found the undisputed material facts established that Two Pitchers' claims were time barred. Two Pitchers now argues the Court's order is based on (1) a manifest error of fact that Two Pitchers admitted submitting a claim for the costs of rectifying any issues with the container in September 2021 and (2) a manifest error of law because it construed the contractual fee-shifting provision in the parties' agreement as a prevailing party requirement.

### III.   LEGAL STANDARD

Rule 59(e) allows a court to alter or amend a judgment within 28 days after entry of the judgment. "While the Court is given considerable discretion in granting or denying such motions, altering a judgment is an 'extraordinary remedy' and is seldom done unless the need to uphold the finality of judgments is outweighed by a clear injustice." *Bey v. Malec*, 2020 WL 3058336, at *1 (N.D. Cal. June 9, 2020), *aff'd sub nom. Bey v. Cristiani*, 2021 WL 3743867 (9th Cir. Aug. 24, 2021) (quoting *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) applies only in "highly unusual circumstances.")). Thus, a district court ordinarily will only alter a judgment if "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016). The moving party must meet a "high hurdle" in order to show that alteration of judgment is warranted. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

### IV.   DISCUSSION

It is undisputed that this case is governed by Oregon law. MSJ Order at 6-7. Oregon's Uniform Commercial Code provides that an action for the breach of any contract for sale must be commenced within four years after the cause of action accrues. Or. Rev. Stat. § 72.7250(1). Parties to a contract may shorten that time period to not less than one year: "By the original agreement, the parties may reduce the period of limitation to not less than one year but may not extend it." *Id.* "A cause of action for breach of any contract for sale accrues when the breach occurs, regardless of the aggrieved parties' knowledge of the breach." *Id.* § 72.7250(2). It is also

2

undisputed that the parties' contract provides for a one-year statute of limitations: "Any legal action with respect to any business transaction between ContekPro and its buyer/end users must commence within one year after the cause of action occurs." Arghavani Decl., Ex. 1 (Contract), ECF No. 47-3.

Each of Two Pitchers' three causes of action (breach of contract, promissory estoppel and breach of the implied covenant of good faith and fair dealing) sought damages for alleged expenses it incurred to complete the container and to obtain a final inspection. In its previous order, the Court found each of these causes of action necessarily occurred at least by September 9, 2021, when Two Pitchers' counsel provided notice of its claims. MSJ Order at 9 (citing Arghavani Decl., Exs. 19 (Email re: Container Delay Timeline), 20 (Email re: Breach of Contract Claim)). The letter specifically alleges that ContekPro "completely breached its agreement with Two Pitchers." Since the conduct establishing each of the causes of action occurred by September 9, 2021, and this lawsuit was not commenced until May 9, 2023, the Court found Two Pitchers' claims were barred by the one-year contractual limitations period. *Id.*

### A. Manifest Error of Fact

Two Pitchers now argues the Court's order is based on a manifest error of fact "because the Court's judgment 'rests' and 'is based' on the mistaken premise that Two Pitchers 'admitted' submitting a claim for the costs of rectifying issues with the container in September 2021." Mot. at 4. In its order, the Court quoted Two Pitchers' Response to Interrogatory 3, in which Two Pitchers stated it "submitted to CONTEKPRO 'a claim for the cost of rectifying[ ] issues' with the KITCHEN CONTAINER, as provided by the CONTRACT. CONTEKPRO did not respond to this claim." MSJ Order at 10. Two Pitchers argues it did not make this admission, as it subsequently amended and corrected that interrogatory response in its Verified Third Amended Responses to Interrogatories filed on March 5, 2024. Mot. at 2 (citing Arghavani Decl., Ex. 21, ECF No. 47). However, the Court's finding does not "rest" and is not "based" on Two Pitchers' discovery responses; it is based on the undisputed content of the September 9, 2021 letter, in which Two Pitchers alleged ContekPro "completely breached its agreement with Two Pitchers." MSJ Order at 10 (quoting Arghavani Decl., Ex. 20 at 2). While courts within the Ninth Circuit

3

1  have not strictly defined what constitutes clear error for Rule 59(e) motions, courts have generally
2  found that "[m]ere doubts or disagreement about the wisdom of a prior decision of . . . [the] court
3  will not suffice." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*, 282
4  F.R.D. 216, 231 (D. Ariz. Mar. 30, 2012) (quoting *Campion v. Old Republic Home Protection*
5  *Co.*, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). Rather, for there to be clear error, the
6  previous decision "must strike [a court] as more than just maybe or probably wrong; it must be
7  dead wrong." *Id*. That is not the case here, where Two Pitchers' interrogatory response has no
8  bearing on the Court's ultimate conclusion.

As in its motion for summary judgment, Two Pitchers also argues it incurred damages in 2023 when ContekPro failed to pay the alleged damages after it reiterated its claim in a March 29, 2023 email. Mot at 4, 5. Two Pitchers again argues this failure caused independent injury. *Id.* at 5. However, "[i]t is inappropriate for the Court to grant a motion to alter judgment if the moving party uses the motion to 'relitigate old matters.'" *Bey v. Malec*, 2020 WL 3058336, at *1 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). The Court already addressed this argument, finding "the key here is that there must be an independent injury caused by the later act. ContekPro's failure to respond to Two Pitchers' March 29, 2023 email did not cause any independent injury to Two Pitchers apart from the costs it incurred to complete the container. Two Pitchers necessarily incurred these costs prior to September 1, 2021, when it completed the container, and certainly by September 9, 2021, when its counsel sent ContekPro a letter providing notice of its claim." MSJ Order at 10-11. Thus, ContekPro's March 29, 2023 email did not constitute a separate breach of the contract. *Id.* As such, the Court's order is not based on a manifest error of fact.

**B.     Manifest Error of Law**

As part of its motion for summary judgment, Two Pitchers argued it is entitled to attorneys' fees. ECF No. 47 at 18-19. The Court denied its motion for attorneys' fees, finding Two Pitchers was required to bring any such legal action within the one-year statute of limitations, which it failed to do. MSJ Order at 13-14. Two Pitchers now argues "the Court's denial of attorneys' fees is based on a 'manifest error' of law because it construes the contractual fee-

4

shifting provision as a prevailing-party requirement. The Court's rationale for rejecting attorneys' fees was that the claim was untimely. In other words, under the Court's reasoning, Two Pitchers was only entitled to its attorneys' fees if it prevailed on the timeliness of its claim." Mot. at 6. However, the Court did not err. The Court's consideration of this issue states in full:

> As part of its motion, Two Pitchers argues it is entitled to attorneys' fees, regardless of whether it is the prevailing party. Pl.'s Mot. at 18-19. The parties' contract provides that "[s]hould Buyer/end user incur legal expenses or costs, including attorney's fees, due to ContekPro's breach of any aspect of these Terms and Conditions, or to pursue Buyer/end user's remedies against ContekPro hereunder, ContekPro shall be responsible to Buyer/end user for all such expenses, costs, and fees." Contract at 6. However, as discussed above, Two Pitchers was required to bring any such legal action within the one-year statute of limitations. *Id.* at 5. As it failed to do so, it is not entitled to an award of attorneys' fees.

MSJ Order at 13-14. Two Pitchers did not establish that it incurred legal expenses or costs, including attorney's fees, "due to ContekPro's breach of any aspect of these Terms and Conditions, or to pursue Buyer/end user's remedies against ContekPro hereunder." As the Court found Two Pitchers' claims time-barred, there was no determination, and there cannot be a determination, that ContekPro breached the contract or that there was any remedy under the contract against ContekPro. Therefore, there was no breach established against ContekPro and no remedy for Two Pitchers. As such, the Court's order is not based on a manifest error of law.

## V. CONCLUSION

Based on the analysis above, the Court hereby **DENIES** Two Pitchers' motion to alter judgment.

**IT IS SO ORDERED.**

Dated: August 15, 2024

THOMAS S. HIXSON
United States Magistrate Judge